# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Thomas J.
Morse

}
}
}   Docket No. 37-2-02
}   Vtec
}
}
}

## Decision and Order on Appellant= s Renewed Motion for Recusal

In the above-captioned case[1], Appellant has appealed from the January 10, 2002 decision of the Zoning Board of Adjustment (ZBA) of the Town of Brighton denying his application for a conditional use for The Grand View, apparently for lack of specificity in the application rather than on its merits under the conditional use criteria. Appellant represents himself; the Town is represented by Paul S. Gillies, Esq.

Judge Cashman was assigned to address Appellant= s motion requesting that Judge Wright recuse herself. Judge Cashman denied the motion to recuse after holding a hearing by telephone, and has since denied a motion for reconsideration.

In a decision issued on April 5, 2002, Judge Wright thereafter addressed the other pending motions, which included a number of requests for rulings that Judge Wright explained were beyond the jurisdiction of the Environmental Court and would have to be filed in Superior Court. A copy of that decision is attached for ease of reference. Judge Wright also granted Appellant= s request to continue the hearing on the merits of Appellant= s conditional use application that had been scheduled to be heard in mid-April, until after the Supreme Court would have ruled on Appellant= s appeal of the earlier decision.

In granting the motion for continuance, Judge Wright noted:

We are willing to continue the hearing in the present case until the Supreme Court has ruled in the matter on appeal, if that continuance is what Appellant really wants, as the permit applicant. However, we scheduled the hearing as early as possible so that Appellant could receive a ruling, and potentially could receive a permit to make a lodging use of The Grand View, in time for the summer tourist season.

Judge Wright attempted to offer Appellant the opportunity to have his application for a lodging use of The Grand View considered on its merits, without regard to his other complaints against Town of Brighton officials, but he has declined to go forward on that application. Accordingly, the present appeal remains on inactive status, at Appellant= s request, until the Vermont Supreme Court has issued a final decision in the earlier appeal (its Docket No. 2001-506), or until such earlier time as either party requests that it be returned to the active docket.

Embedded in Appellant= s most recent filings is a renewed request that Judge Wright disqualify herself, including arguments blaming Judge Wright for the Town= s inspection of Appellant= s property and for failing to rule on certain of Appellant= s earlier arguments. The newly-filed materials suggest that Appellant does not understand that many of his claims simply must be brought in superior court, that is, that they are not within the scope of issues on which the Environmental Court has authority to rule. His arguments for recusal have become increasingly agitated in tone, and it is apparent that it would be a better practice for this particular appeal to be dealt with by the Superior Court judge who would have jurisdiction of the additional claims and arguments if they were filed in superior court.

Accordingly, Appellant= s renewed motion for recusal is GRANTED. V.R.C.P. 40(e)(3). This matter is hereby referred to the Administrative Judge for Trial Courts for assignment to the presiding judge in Essex Superior Court, or to such other judicial officer as the Administrative Judge chooses to assign.

This Environmental Court appeal of Appellant= s application for a conditional use permit for lodging in The Grand View remains on inactive status under April 5, 2002 order. All filings pertaining to this case should continue to be made in Environmental Court, so that they may be docketed by the staff and forwarded to the assigned judge.

Done at Barre, Vermont, this 22nd day of April, 2002.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]  In an earlier case, Environmental Court Docket No. 174-8-00 Vtec, now on appeal to the Vermont Supreme Court in its Docket No. 2001-506, this Court, by Judge Wright, ruled that Appellant's lodging use of the building was not grandfathered, and that even if such a use had been made in the past, it had lapsed under the abandonment provisions of the zoning bylaws. Judge Wright also ruled that Appellant was entitled to apply for his lodging use as a conditional use under the present zoning bylaws. The application on appeal in the present case appears to be the conditional use application allowed by Judge Wright's prior order.